**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**UNITED STATES OF AMERICA**

v                                                                                                **CASE NO: 5:20-cr-67-Oc-37PRL**

**JOSE MERCED SANCHEZ-DE
LA TORRE**

_____

**REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY**

For the proceeding, the defendant, the prosecutor, defense counsel, and I each participated by videoconference. I was at the Court, with my CRD, and the defendant was in the Marion County Jail. The defendant consented to appearing by videoconference, and both he and his lawyer explained they had discussed the matter. His image and voice were clear, and I confirmed he could see and hear me and the lawyers clearly.

I proceeded without the defendant physically present because, during the national emergency created by the novel coronavirus, he could not be physically present without seriously jeopardizing public health and safety. *See* Administrative Orders in *In re The Nat'l Emergency Declared on March 13, 2020*, No. 8:20-mc-25 (M.D. Fla. March 29, 2020 and June 29, 2020) (implementing Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ["CARES Act"], and March 27, 2020, action by Judicial Conference authorizing videoconferencing under certain circumstances). I did not postpone the plea because I found that delay of the plea would cause serious harm to the interests of justice.

More specifically, delaying the proceedings further to accommodate an in-person plea hearing is impracticable given that there is no ascertainable end to the current National Emergency stemming from the COVID-19 virus, and the interests of justice will be seriously harmed by prolonged, indefinite delays of the plea hearing in light of

Defendant's stated desire to plead guilty. Further, proceeding with the plea hearing by video conferencing at this time reduces the potential that any necessary participant in the hearing – including, specifically, the Defendant, Defendant's counsel, the lead Assistant United States Attorney, and/or the relevant case agent(s) with personal knowledge of the case – may become unavailable or unable to attend a plea hearing in-person due to illness.

Defendant, by consent, has appeared before me pursuant to Rule 11, Fed.R.Crim.P. and Rule 6.01(c)(12), Middle District of Florida Local Rules, and has entered a plea of guilty to Counts 1 & 2 of the Information. After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense. I therefore recommend that the plea of guilty be accepted and that the Defendant be adjudged guilty and have sentence imposed accordingly. The Defendant is in custody of the U.S. Marshal pending sentencing. Date: September 24, 2020

Copies furnished to:

Honorable John Antoon, II
District Judge Courtroom Deputy
United States Attorney
United States Probation Office
Counsel for Defendant

PHILIP R. LAMMENS
United States Magistrate Judge

**NOTICE**

Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.